UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | **FILED** | |
| v. | JUN 1 3 2005 | CR NO. 05-330M (JMF) |
| LARNELL EARL SEENEY, | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT | |
| Defendant. | | |

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On June 7, 2005, at approximately 7:00 a.m., Special Agent Joshua Green of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, along with other members of the High Intensity Drug Trafficking Area Group ("Group"), executed a search warrant at 5815 5th Street, N.E. in Washington D.C. The Group also executed a search warrant for an automobile associated with the defendant.

2. Both the defendant and his mother were present at the duplex at the time of the search. The defendant lives in the basement, using the common area as his bedroom.

3. Upon searching the basement, the Group retrieved the following items: 1) a

      plastic bag containing approximately five (5) grams of methamphetamine; 2) a plastic bag containing approximately 51.5 grams of heroin; 3) three plastic bags containing approximately 68.7 grams of crack cocaine; 4) six plastic bags containing approximately 609.9 grams of powder cocaine; 5) two electric scales; 6) boxes of baking soda; 7) plastic bags/packaging materials and other drug paraphernalia; 8) one (1) 9mm Bryco Arms. Co. semi-automatic pistol and six (6) rounds of ammunition; and 9) $13,706.00 in cash.

4.    From the basement, the Group seized a drivers' license, student identification card, documents, and mail matter bearing the defendant's name. Documents and mail matter bearing the defendant's name were also seized from the vehicle.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes,

it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense**

**is a crime of violence or involves a narcotic drug.** The offense charged involves not only a large quantity and variety of narcotic drugs, but also the paraphernalia needed to package and distribute those narcotics.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant is a lifelong resident of the District of Columbia and lives with his mother. He is a student at the University of the District of Columbia, and is engaged to be married.

**The weight of the evidence.** The weight of the evidence is strong. Identification cards, mail matter, and other documents bearing the defendant's name were found in the basement of the address where the search warrant was executed. The large quantities of drugs and paraphernalia needed for their repackaging and sale were also retrieved from the basement. The fact that the Group seized large quantities of methamphetamines, heroin, crack cocaine, and powdered cocaine, as well as a gun, electric scales, baking soda, packaging materials, and other paraphernalia, indicates that the defendant was involved in a wholesale drug packaging and distribution operation.

**History relating to drug or alcohol abuse.** The defendant indicated substance use within the last 30 days, and current drug use was indicated in his most recent drug test.

**Record concerning appearance at court proceedings and prior criminal record.** The defendant has a 1994 conviction for attempted possession of cocaine, for which he received 18 months probation. Supervision in that case ended satisfactorily on May 8, 1995.

**Whether on probation or parole at the time of the present offense.** The defendant was not on probation or parole at the time of the present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The defendant was running what appears to be a one-man packaging and distribution center for narcotic drugs. Specifically, the defendant was found to be in possession of a large quantity of narcotic drugs, related drug paraphernalia and packaging materials, and a loaded pistol. In addition, because the defendant proffered little to rebut the presumption of his dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

**June 13, 2005**